```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────

KAREN WARD,

                         Plaintiff,

       - against -

ERNST & YOUNG U.S. LLP,

                         Defendant.

19cv6667 (JGK)

MEMORANDUM OPINION AND ORDER

───────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Court has received the affidavit of Towaki Komatsu in support of a motion for leave to intervene as an interested party pursuant to Federal Rule of Civil Procedure 24. Dkt. 15.

    The Court must permit anyone to intervene if that person either "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) ("intervention of right"). Additionally, the Court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Id. at 24(b)(1) ("permissive intervention"). Where a statute does not provide either an unconditional or a

conditional right to intervene, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." R Best Produce, Inc. v. Shulman-Rabin Marketing Corp., 467, F.3d 238, 240 (2d Cir. 2006). "The court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." Id.

The statute at issue in this case does not give Komatsu a conditional or unconditional right to intervene, and therefore he must rely on either Rule 24(a)(2) or Rule 24(b)(2). Komatsu claims an interest in this case because "in the event that Ms. Ward is granted the declaratory relief that she seeks through this action, it will likely be a precedent that I and other similarly-circumstanced victims of harassment and discrimination in workplaces may leverage to attain justice." See Dkt. 15 ¶ 2 (incorporating Dkt. 6, at 4). Komatsu's purported interest is not the kind of "direct, substantial, and legally protectable" interest that is cognizable under Rule 24. Floyd v. City of New York, 770 F.3d 1051, 1060 (2d Cir. 2014). Moreover, Komatsu has not shown that the plaintiff in this case, Karen Ward, will not adequately protect the interest that he asserts, namely his

desire to have a favorable legal precedent. Ms. Ward's purpose in undertaking this litigation is to receive a declaratory judgment that the arbitration agreement she signed is unenforceable, which Komatsu admits is the same outcome he would prefer in this litigation.

Komatsu's motion to intervene under Rule 24(a)(2) is therefore **denied**. Because the Second Circuit Court of Appeals has instructed that substantially the same inquiry is used for motions to intervene under Rule 24(b)(2), Komatsu's motion to intervene under Rule 24(b)(2) is also **denied.** Komatsu's request to be heard for oral argument in connection with this motion is **denied**.

**SO ORDERED.**

**Dated:    New York, New York
           September 5, 2019**

_____/s/_____
**John G. Koeltl
United States District Judge**