UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN WARD,

                Plaintiff,

     v.

ERNST & YOUNG U.S. LLP,

                Defendant.

Case No. 1:19-cv-06667-JGK

**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

WILLIAMS & CONNOLLY LLP

Steven M. Farina
Heidi K. Hubbard
650 Fifth Avenue, Suite 1500
New York, New York 10019
Tel: (646) 949-2800
Fax: (646) 949-2801

725 Twelfth Street, N.W.
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
sfarina@wc.com
hhubbard@wc.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................1

    I.    THE DELEGATION CLAUSE MUST BE ENFORCED. ................................1

    II.   THIS COURT CANNOT REVIEW AN INTERLOCUTORY RULING. .........4

    III.  PLAINTIFF'S CHALLENGE TO THE RULING IS UNTIMELY. ..................5

    IV.  THE ARBITRATORS DID NOT EXCEED THEIR POWERS. .......................8

    V.   THE AGREEMENT CANNOT BE RENDERED UNENFORCEABLE BY THE ALLOCATION OF FEES. .........................................................................9

CERTIFICATE OF WORD COUNT AND COMPLIANCE WITH FORMATTING REQUIREMENTS ..............................................................................................................11

CERTIFICATE OF SERVICE ...........................................................................................12

# **TABLE OF AUTHORITIES**

## **CASES**

*Andresen v. IntePros Fed., Inc.*, 240 F. Supp. 3d 143 (D.D.C. 2017) ..............................................3

*ANR Coal Co. v. Congentrix of N.C., Inc.*, 173 F.3d 493 (4th Cir. 1999) .......................................6

*Cook Indus., Inc. v. C. Itoh & Co. (America) Inc.*, 449 F.2d 106, 107–08 (2d Cir. 1971) ..................................................................................................................................9

*Corey v. N.Y. Stock Exch.*, 691 F.2d 1205 (6th Cir. 1982) ..............................................................6

*De Angelis v. Icon Entm't Grp. Inc.*, 364 F. Supp. 3d 787 (S.D. Ohio 2019) .................................2

*Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir. 1984) ..............................................................5

*Gorman v. S/W Tax Loans, Inc.*, No. 1:14-cv-00089-GBW-KK, 2015 WL 12751710 (D.N.M. Mar. 17, 2015) ...................................................................................3

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) .......................................2

*Idea Nuova, Inc. v. GM Licensing Grp.*, No. 10 Civ. 6040(PKC), 2010 WL 10041842 (S.D.N.Y. Oct. 18, 2010) ..............................................................................4

*Jock v. Sterling Jewelers, Inc.*, 703 F. App'x 15 (2d Cir. 2017) ......................................................8

*Kuruwa v. Am. Arbitration Ass'n*, No. 13 Civ. 2419(PKC), 2013 WL 2433068 (S.D.N.Y. June 3, 2013) ....................................................................................................4

*Mantooth v. Bavaria Inn Rest., Inc.,* No. 17-cv-1150, 2018 WL 2241130 (D. Colo. May 16, 2018) ........................................................................................................3

*Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir. 1980) ..........................................4,5

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013) ..............................................................8

*Prim Secs., Inc. v. NASD Dispute Resolution*, No. 1:06 CV 323, 2006 WL 2612897 (N.D. Ohio Sept. 8, 2006) ................................................................................6

*Quixtar, Inc. v. Brady*, 328 F. App'x 317 (6th Cir. 2009) ...............................................................4

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) ..........................................................2,3

*Serv. Emps. Int'l, Inc. v. Pryor*, No. H-10-1577, 2012 WL 13060079 (S.D. Tex. June 11, 2012) ..................................................................................................................6

*SH Tankers Ltd. v. Koch Shipping Inc.*, No. 12 Civ. 00375(AJN), 2012 WL 2357314 (S.D.N.Y. June 19, 2012) ................................................................................4

*Torgerson v. LCC Int'l, Inc.*, 227 F. Supp. 3d 1224 (D. Kan. 2017) ................................................ 2

*Vargas v. Bay Terrace Plaza LLC*, 378 F. Supp. 3d 190 (E.D.N.Y. 2019) ...................................... 2

*Virk v. Maple–Gate Anesthesiologists, P.C.*, 657 F. App'x 19 (2d Cir. 2016) ................................ 2

## **STATUTES AND REGULATIONS**

9 U.S.C. § 10 ................................................................................................................................ 3,5,7

9 U.S.C. § 12 ..................................................................................................................................... 5

N.Y. Rule of Prof'l Conduct 1.8(e)(1) .............................................................................................. 9

## PRELIMINARY STATEMENT

More than four months after the Tribunal preliminarily allocated costs and rejected her "effective vindication" argument, Plaintiff presents a new argument—not to the arbitrators, as the Agreement requires—but to this Court. Plaintiff's collateral attack on the arbitration she initiated is procedurally defective, untimely, and meritless.

Plaintiff disavowed financial hardship to the Tribunal. *See* Ex. F at 4 ("[W]hile Ms. Ward may be financially capable of paying for the arbitration, that is not a sufficient basis to force her to do so."). Plaintiff nevertheless contends that the arbitrators exceeded their powers by failing to "request" information about her finances, Opp'n 7, and then by failing to consider information not proffered to them, *id.* at 23. Plaintiff's declaration is new information never presented to the Tribunal. The arbitrators did not exceed their powers by not considering an argument Plaintiff failed to make.

Any dispute concerning the allocation of fees or the enforceability of the Agreement belongs in arbitration, along with the substantive merits, as the parties agreed when Plaintiff signed the Agreement. Indeed, had Plaintiff not filed this action, the hearing on her claims likely would have been completed by the end of next week. If Plaintiff were dissatisfied with the final award—including as to costs—she could have brought a proper motion to vacate under the FAA.

This Court should return the parties to arbitration.

## ARGUMENT

### I. THE DELEGATION CLAUSE MUST BE ENFORCED.

Plaintiff does not dispute the existence of an agreement to arbitrate her claims. Nor does she dispute that the Agreement delegates to the arbitrators the allocation of fees, Ex. B § 17(d)(v), and any challenge to the enforceability of the arbitration provisions, *id.* § 17(d)(ii). Where the

parties have delegated such issues, "the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019).

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), is directly on point. The plaintiff challenged an arbitration agreement as "unenforceable" because of a requirement "to split arbitration fees." *Id.* at 66. The Supreme Court held that the delegation clause—one nearly identical to the provision here—must be enforced, "leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.* at 72. In reaching its conclusion, the Court noted that the plaintiff "did not make any arguments specific to the delegation provision; he argued that the fee-sharing … rendered the *entire* agreement invalid." *Id.* at 74 (emphasis in original).

It is of no moment that *Rent-A-Center* involved an "unconscionability" challenge, as opposed to an "effective vindication" challenge. The parties' Agreement delegates ***any*** "enforceability" challenge to the arbitrators. Ex. B § 17(d)(ii). Delegation provisions such as this, by their terms, encompass an effective vindication challenge. *See, e.g.*, *Virk v. Maple–Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 23 (2d Cir. 2016) ("[T]he arbitrator would seem to be the appropriate party to determine these issues."); *Vargas v. Bay Terrace Plaza LLC*, 378 F. Supp. 3d 190, 197 n.9 (E.D.N.Y. 2019) (Plaintiffs' argument "under the effective vindication exception … is certainly not a challenge to the delegation provision and thus not for the Court to decide."); *De Angelis v. Icon Entm't Grp. Inc.*, 364 F. Supp. 3d 787, 795 (S.D. Ohio 2019) ("[T]hese challenges are heard by the arbitrator where, as here, the parties' agreement includes a delegation clause."); *Torgerson v. LCC Int'l, Inc.*, 227 F. Supp. 3d 1224, 1229–30 (D. Kan. 2017) ("[T]he court must permit the arbitrator to decide whether the fee-shifting … provisions of the Employment Agreement render it unenforceable under the effective vindication exception."); *Gorman v. S/W Tax Loans, Inc.*, No. 1:14-cv-00089-GBW-KK, 2015 WL 12751710, at *4 n.7

(D.N.M. Mar. 17, 2015) ("[A]ssuming the delegation clause was valid, the Court would be required to send the case to arbitration on the issues regarding … effective vindication and unconscionability.").[1]

Plaintiff makes no specific challenge to the delegation provisions. Instead, her argument is directed to the enforceability of "the entire arbitration agreement." Opp'n 2. Under *Rent-A-Center*, her challenge must be heard by the arbitrators.

Plaintiff nonetheless argues that the delegation provisions are irrelevant because "the Tribunal has already made" its ruling. *Id.* at 15. This is incorrect. First, the existence of the delegation clause means that Plaintiff cannot ask someone else to decide her effective vindication challenge if she is unhappy with the arbitrators' ruling. Second, judicial reconsideration is available only by a valid and timely motion to vacate under Section 10 of the FAA. Third, if Plaintiff now claims financial hardship, she must present this new argument to the arbitrators. These points are dispositive. Plaintiff is forum shopping for a different result, making arguments never presented to the arbitrators, and using a procedurally defective and untimely vehicle.

---

[1] Plaintiff relies on *Mantooth v. Bavaria Inn Restaurant, Inc.*, No. 17-cv-1150, 2018 WL 2241130, (D. Colo. May 16, 2018), and *Andresen v. IntePros Federal, Inc.*, 240 F. Supp. 3d 143 (D.D.C. 2017). Opp'n 11–12. In *Mantooth*, the court never explained why it addressed the plaintiff's effective vindication arguments instead of sending those issues to the arbitrator. 2018 WL 2241130 at *6. And in *Andresen*, the plaintiff attacked "the delegation provision." 240 F. Supp. 3d at 150. The court resolved only that issue, letting the arbitrators decide whether the agreement to arbitrate was valid. *Id.* at 161–62.

## II. THIS COURT CANNOT REVIEW AN INTERLOCUTORY RULING.

"Under the Federal Arbitration Act … a district court does not have the power to review an interlocutory ruling by an arbitration panel." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980); *see, e.g.*, *Quixtar, Inc. v. Brady*, 328 F. App'x 317, 322–23 (6th Cir. 2009) (affirming district court's denial of interlocutory review of arbitrability); *Kuruwa v. Am. Arbitration Ass'n*, No. 13 Civ. 2419(PKC), 2013 WL 2433068, at *2 (S.D.N.Y. June 3, 2013) (no "plenary review over interlocutory rulings on matters of pre-hearing discovery"); *Idea Nuova, Inc. v. GM Licensing Grp.*, No. 10 Civ. 6040(PKC), 2010 WL 10041842, at *3 (S.D.N.Y. Oct. 18, 2010) (district court lacks power to review determination of venue).

"[S]o long as the arbitrators did not intend their ruling to be final and are able and willing to revisit their decision, the ruling is not subject to review." *SH Tankers Ltd. v. Koch Shipping Inc.*, No. 12 Civ. 00375(AJN), 2012 WL 2357314, at *5 (S.D.N.Y. June 19, 2012). Here, the arbitrators stated that their ruling is not final. *See* Ex. A at 6 ("The Tribunal has the discretion and authority to enter further orders regarding the allocation of the remainder of the fees … and will review cost allocations as the case progresses and at its conclusion."). Plaintiff did not take up the arbitrators' invitation to revisit this issue. Her failure to do so is especially egregious, given that she now makes an argument never presented to the Tribunal.

Plaintiff does not dispute *Michaels*' prohibition on interlocutory review or that the arbitrators' ruling is "interlocutory." Opp'n 15. Rather, she contends that the Tribunal's rejection of her effective vindication challenge is reviewable under a narrow exception for "interim equitable relief" that has been applied to cases involving security for the enforcement of an award. *See id.* at 15–16. This type of equitable relief is permitted under the CPR Rules. *See* 2007 CPR

4

Non-Administered Arbitration Rules, R. 13 ("Interim Measures of Protection"). But rejecting Plaintiff's effective vindication challenge is not "equitable relief."

Not every ruling "separable from the merits" is automatically reviewable. Opp'n 16. Such an exception would swallow the rule, and virtually any pre-hearing arbitration ruling could be appealed—including the rulings in the cases cited above where courts found review unavailable (*e.g.*, arbitrability, pre-hearing discovery, venue). That is not the law. Under *Michaels*, since the arbitrators' ruling "does not purport to resolve finally" any issue, let alone "the issues submitted to them," interlocutory review is unavailable. 624 F.2d at 414.

### III.    PLAINTIFF'S CHALLENGE TO THE RULING IS UNTIMELY.

The FAA requires that any motion "to vacate, modify or correct an award" be served "within three months after the award is filed or delivered." 9 U.S.C. § 12. "No exception to this three month limitations period is mentioned in the statute." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984). The arbitrators issued their ruling on March 4. Plaintiff did not file this action until July 17—nearly six weeks past the deadline to seek judicial review (assuming review were otherwise available).

Plaintiff contends that "the FAA's time constraints have no application here" as she "is not seeking the relief that the FAA discusses in Section 12, *i.e.*, review or modification of an award." Opp'n 17. This assertion is wrong, as is evident from the next page of Plaintiff's brief:

> In determining whether the Tribunal's Order ***should be vacated***, Plaintiff must show that the Tribunal "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." ***9 U.S.C.A. § 10***.

*Id.* at 18 (emphasis added). The time limit in Section 12 expressly applies to a motion to vacate under Section 10.

5

Nor can Plaintiff skirt the FAA's time limit by framing her attack as a declaratory judgment action. "The three month notice requirement in section 12 for an appeal of [an] award … is meaningless if a party to the arbitration proceedings may bring an independent direct action … outside of the statutory time period provided for in section 12." *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1213 (6th Cir. 1982). "The FAA sets forth the sole method to challenge an arbitration award—by serving a motion to vacate within three months of the rendering of the award, and does not permit a party to challenge an arbitration award by filing a complaint." *ANR Coal Co. v. Congentrix of N.C., Inc.*, 173 F.3d 493, 496 n.1 (4th Cir. 1999) (internal quotation marks and citations omitted); *see also Serv. Emps. Int'l, Inc. v. Pryor*, No. H-10-1577, 2012 WL 13060079, at *4 (S.D. Tex. June 11, 2012) ("To attack the Arbitrator's decisions, SEII must move to vacate, modify, or correct an order pursuant to the FAA; this suit for a declaratory judgment and injunction is improper."); *Prim Secs., Inc. v. NASD Dispute Resolution*, No. 1:06 CV 323, 2006 WL 2612897, at *4 (N.D. Ohio Sept. 8, 2006) ("Although Prim purports to bring its action … under the DJA, sections 10 through 12 of the FAA provide the *exclusive* remedy.… Evidently dissatisfied with the outcome of the arbitration and barred by the controlling three-month limitations statute, Prim's lawsuit … appears to be nothing more than an improper attempt to challenge or overturn that award." (emphasis in original)).

Plaintiff next argues that the arbitrators' ruling was not "ripe for review" because she "had no possibility of knowing that she would be subject to such costs" and "had planned to comply" with the ruling. Opp'n 17–18. This assertion is disingenuous for several reasons.

First, it is nonsensical for Plaintiff to contend that she could not bring an effective vindication challenge until July, given that she brought such a challenge five months earlier. Obviously, she believed her arguments were "ripe" when she made them to the arbitrators.

Second, it is untrue that Plaintiff only conceived of this action when she received an invoice covering the remainder of the arbitration. Her lawyer announced his intention to challenge the ruling months earlier, before the time limit set forth in the FAA had expired. On May 18—within the limitations period—Plaintiff's counsel informed EY that he would "file this case in court and seek a declaratory judgment that the arbitration provision is invalid in light of the panel's decision to split costs." Email from M. Willemin (5/18/19) (Ex. I). Plaintiff's counsel repeated this intention—again within the limitations period—to the CPR Dispute Resolution Services Manager. *See* Email from M. Willemin (5/30/19) (Ex. J). For whatever reason, Plaintiff waited another seven weeks, at which point the deadline had passed. It is simply untrue that Plaintiff "filed the instant case as quickly as possible." Opp'n 18.

Finally, it strains credulity to assert that counsel had no idea what arbitration might cost. Plaintiff acknowledges that she knew the arbitrators' rates. *Id.* at 8. On the first conference call with the arbitrators, Plaintiff requested an eight-day merits hearing (ultimately the parties agreed to seven days). As of January, the arbitrators had adopted a schedule for briefing on the fee allocation issue, discovery, motions to compel, a dispositive motions hearing, and pre-hearing memoranda. Ex. C at 4. Plaintiff's counsel, Wigdor LLP, markets itself as a "leading" employment firm with "substantial success litigating cases in arbitration." Ex. K. Experienced counsel would know that arbitrators must devote significant time to carry out their responsibilities. Knowing their hourly rates, basic math would have provided an estimate of fees.[2] In any event, failing to appreciate the effect of the ruling does not excuse missing a statutory deadline.

---

[2] The bills for work actually performed are a fraction what Plaintiff claims. *See* Supp. Decl. of Steven Farina ¶¶ 7–8; Ex. L.

## IV. THE ARBITRATORS DID NOT EXCEED THEIR POWERS.

Plaintiff invokes section 10(a)(4) of the FAA as the basis for vacating the arbitrators' ruling. Opp'n 18. That provision states that an award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." A party seeking relief under § 10(a)(4) "bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). "It is not enough to show that the arbitrator committed an error—or even a serious error." *Id.* The relevant inquiry is "whether the arbitrator had the power, based on the parties' submission or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Jock v. Sterling Jewelers, Inc.*, 703 F. App'x 15, 17 (2d Cir. 2017).

Plaintiff cannot satisfy this standard. The arbitrators acted within the authority delegated by the Agreement. Indeed, Plaintiff embraced the arbitrators' power to resolve these issues—until they rendered their decision. *See* Ex. F at 2 ("[T]he Arbitration Agreement gives the panel complete discretion with respect to the allocation of costs.").

The crux of Plaintiff's challenge is that the Tribunal gave insufficient weight to "EY's and Ms. Ward's comparative ability to pay" and failed to "request any information about Ms. Ward's financial resources." Opp'n 7. But the parties did not abandon the adversarial system when they agreed to arbitrate, and ***Plaintiff's counsel*** had the responsibility to present facts and arguments to the Tribunal. It was not the arbitrators' job to "request" information that Plaintiff failed to proffer. And Plaintiff affirmatively disavowed financial hardship. *See* Ex. F at 4. The declaration now offered by Plaintiff is ***entirely new***. Moreover, although Plaintiff states that paying half the costs "will cause me severe financial hardship," Decl. of Karen Ward ¶ 2, she makes no representation that she—rather than her lawyer—actually is paying them. It is, of course, routine for counsel to "advance … expenses of litigation, the repayment of which may be contingent on the outcome of

8

the matter." N.Y. Rule of Prof'l Conduct 1.8(e)(1). In any event, the arbitrators did not exceed their powers by failing to consider an argument that Plaintiff chose not to make.

Finally, Plaintiff's failure to present a financial hardship argument to the arbitrators constitutes a waiver—yet another reason to reject her challenge. *See, e.g., Cook Indus., Inc. v. C. Itoh & Co. (America) Inc.*, 449 F.2d 106, 107–08 (2d Cir. 1971).

The arbitrators issued a reasoned decision that properly addressed the evidence, arguments, and authority presented. There is no basis to vacate it.

## V. THE AGREEMENT CANNOT BE RENDERED UNENFORCEABLE BY THE ALLOCATION OF FEES.

Even a successful challenge to the ruling could not render the obligation to arbitrate unenforceable, because such relief is unavailable under the plain terms of the Agreement. Indeed, Plaintiff never requested this relief from the Tribunal.

Contrary to Plaintiff's repeated assertion, the Agreement does not "include a cost-sharing provision" that imposes "punitive" costs. Opp'n 14. Rather, the Agreement delegates to the arbitrators the authority to allocate costs "in a manner that will preserve enforceability of the arbitration provisions contained in this Section 17." Ex. B, § 17(d)(v). The Agreement also contains a severability provision. *See* Ex. M § 20(d). Accordingly, the Agreement cannot be rendered unenforceable by the arbitrators' allocation of fees. The only remedy available is the reallocation of fees in a manner that makes the Agreement enforceable. Plaintiff's action rests on the faulty premise that this Court has the power to void the Agreement. It does not.

Dated:  October 16, 2019	Respectfully submitted,

*/s/ Steven M. Farina*
WILLIAMS & CONNOLLY LLP

Heidi K. Hubbard
Steven M. Farina

650 Fifth Avenue
Suite 1500
New York, NY 10019
Telephone:  (646) 949-2800
Facsimile:  (646) 219-4870

725 Twelfth Street, NW
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029

*Counsel for Defendant Ernst & Young U.S. LLP*

## CERTIFICATE OF WORD COUNT AND COMPLIANCE WITH FORMATTING REQUIREMENTS

1. This reply brief contains 2799 words, excluding the parts of this document exempted from the word count under the Individual Practices of Judge John G. Koeltl.

2. This memorandum of law complies with the font, spacing, and type size requirements laid out in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and in the Individual Practices of Judge John G. Koeltl.


Dated:  October 16, 2019                           /s/ *Steven M. Farina*
                                                                Steven M. Farina

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  October 16, 2019                              /s/ *Steven M. Farina*
                                                                                  Steven M. Farina